IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

THE CLEVELAND SCHOOL DISTRICT                                                                PLAINTIFF

V.                                                                                                          NO. 2:02CV65-B-B

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA, AND
ST. PAUL FIRE & MARINE INSURANCE CO.                                                  DEFENDANTS

## **MEMORANDUM OPINION**

This cause comes before the court upon the plaintiff Cleveland School District's motion for summary judgment and upon the defendants National Union Fire Insurance Company and St. Paul Fire & Marine Insurance Company's motions for summary judgment. Upon due consideration of the motions, responses, exhibits, and supporting and opposing authority, the court is ready to rule.

### Factual and Procedural Background

On January 26, 2002, the Cleveland School District filed this declaratory judgment action in the Circuit Court of Bolivar County, Mississippi, to determine coverage under a "school leaders errors and omissions policy" issued by defendant National Union Fire Insurance Company ("National Union"). The plaintiff sued National Union and its agent, The Mitchell Group. National Union removed the case to this court, and the plaintiff moved for remand. Finding that the agent had been improperly joined, this court denied remand on March 4, 2003, and dismissed The Mitchell Group. The plaintiff subsequently amended its complaint adding St. Paul as a defendant. The plaintiff sought coverage under a commercial general liability policy ("CGL policy") issued by St. Paul.

The school district seeks a determination that National Union and St. Paul are obligated to indemnify it for defense costs and settlement payments incurred in connection with an action previously filed in this court styled *Freddie Causey v. The Cleveland School District*, Civil Action No. 2:00CV176 (the "underlying action"). Both insurance companies have denied coverage for indemnity benefits for the underlying action which was brought by school district employees alleging that the school district failed and refused to pay them proper overtime wages in violation of Section 7(a) of the Fair Labor Standards Act, 29 U.S.C. § 207(a). All parties have moved for summary judgment.

## Standard of Review

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986). Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden then shifts to the non-movant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp.*, 477 U.S. at 324, 106 S. Ct. at 2553, 91 L. Ed. 2d at 274. Before finding that no genuine issue for trial exists, the court must first be satisfied that no rational trier of fact could find for the non-movant. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538, 552 (1986).

Analysis

*I. National Union Policy*

The school district alleges that National Union's obligation to defend and indemnify is set forth in the "Insuring Agreements" section of the policy at issue. The school district reasons that its failure to pay overtime wages falls within the policy's definition of a "wrongful act," that the underlying action is a "claim" within the policy's meaning, and that settlement of the underlying action is "damages" payable by National Union as the school district's insurance carrier.

As National Union persuasively argues, however, Mississippi state and federal courts have concluded that the unlawful withholding of overtime compensation is not a "wrongful act" as defined by an insurance policy such as the one between National Union and the school district. In *Oktibbeha County Sch. Dist. v. Coregis Ins. Co.*, 173 F. Supp. 2d 541, 543 (N.D. Miss. 2001), the court found that "[t]he school district had a duty to pay overtime compensation because of the statutory requirements of the FSLA, not because of any wrongful act or omission of the school district." The court further found that coverage for the "intentional misconduct of the school district would be contrary to public policy." *Oktibbeha County Sch. Dist.*, 173 F. Supp. 2d at 544. Citing *Oktibbeha County*, the Mississippi Supreme Court held in accordance in *Noxubee County Sch. Dist. v. United Nat'l Ins. Co.*, No. 2003-CA-00936-SCT, 2004 WL 2187615 (Miss. Sept. 30, 2004).

The plaintiff argues that the language defining "wrongful act" in each of these cases is inconsistent with the definition in the school district's policy with National Union. The National Union policy defines a "wrongful act" as "any actual or alleged breach of duty, neglect, error, misstatement, misleading statement or omission by an Insured solely in the performance of duties

3

for the School Entity." The policy at issue in *Oktibbeha County* defined the term as "any act, error or omission of an Insured constituting a breach of a duty imposed by law or a breach of an Employment Contract." 173 F. Supp. 2d at 543. The policy in *Noxubee County* included an identical definition. The court finds the language in the National Union policy sufficiently consistent with the language in the policies at issue in these cases. The reasoning set forth by the court in *Oktibbeha County* is sound and clearly applicable to the present case. As the court stated:

> The school district had a duty to pay overtime compensation because of the statutory requirements of the FSLA, not because of any wrongful act or omission of the school district. The school district had a pre-existing obligation to pay these employees for the overtime hours worked, an obligation that was created by the FLSA. The policy states that coverage will issue only if the school district suffered a loss by reason of a wrongful act. The duty to pay overtime is a matter of statutory law, and the obligation to pay time and a half for every hour worked over a forty hour week arose when the employees worked overtime hours. The amount owed to these employees is not a loss, but rather it is a pre-existing debt or obligation. Again, the FLSA created the obligation to pay these employees overtime, not any alleged wrongful act. Therefore, the underlying action does not meet the policy definition of loss, and no coverage exists.

173 F. Supp. 2d at 543. The school district cannot rely on an insurance policy to relieve it of its duty to honor pre-existing obligations.

This court also finds in accordance with the *Oktibbeha County* court and the Mississippi Supreme Court in determining that "even if the . . . overtime suit was within the meaning of a 'wrongful act,' the polic[ies] contained . . . provisions which, nevertheless, excluded coverage." *Noxubee County Sch. Dist.*, 2004 WL 2187615 at *3. The National Union policy contains an exclusionary provision stating that the policy does not cover any claim "arising out of the gaining of any profit or advantage to which the Insured is not legally entitled to or to any award of

4

salary." The policy at issue in *Oktibbeha County* contained a similar provision, while the policy in *Noxubee County* was more specific, excluding "back wages, overtime, or future wages." 2004 WL 2187615 at *4. Both courts, however, held that the respective provisions barred coverage of the claims related to the underlying actions. The court in *Oktibbeha County* stated:

> Clearly, the school district received a benefit when it allowed its employees to work overtime without paying them overtime hours in accordance with the FLSA. The school district gained profit, remuneration, or advantage by having its employees perform overtime work for the district and not paying them one and one-half times their normal rate of pay for work performed in excess of forty hours per week. The district accepted the benefits of the overtime work performed by these employees, and did not pay them for this work. As such, the court is of the opinion that [the exclusion] is applicable.

173 F. Supp. 2d at 543. This court finds likewise.

*II. St. Paul Policy*

The plaintiff also seeks a declaration of coverage under its policy with St. Paul. The plaintiff argues that it is entitled to coverage under the "personal injury liability" section of the policy. The policy defines "personal injury" as "injury, other than bodily injury or advertising injury, that's caused by a personal injury offense." The first defined "personal injury offense" under this section is "false arrest, detention or imprisonment." The plaintiff asserts that its alleged failure and refusal to compensate employees for overtime wages would constitute a "detention" – that is, the detention of overtime wages from the employees. This argument may be creative, but it is not persuasive. When read in context, the term "detention" clearly refers to the wrongful detention of a person – not overtime wages. The plaintiff takes the term out of context in crafting its argument; thus, the argument is not well-taken. The court finds the policy language clear and unambiguous and therefore will not venture outside the four corners of the

5

policy for guidance in interpretation. "It is a general rule of law, in Mississippi as elsewhere, that where an insurance contract is plain and unambiguous, it cannot be rewritten by the court." *Davenport v. St. Paul Fire and Marine Ins. Co.*, 978 F.2d 927, *930 (5th Cir. 1992). As the language examined above is the only policy language upon which the plaintiff bases its allegation of coverage under the St. Paul policy, the court need look no further to determine that St. Paul is entitled to judgment as a matter of law.

## Conclusion

For the foregoing reasons, the court finds that National Union's and St. Paul's motions for summary judgment are well-taken and shall be granted. The Cleveland School District's motion for summary judgment is not well-taken and shall be denied. A separate order in accord with this opinion shall issue this day.

This, the 25th day of September, 2005.

/s/ Neal Biggers
_____
**NEAL B. BIGGERS, JR.**
**SENIOR U.S. DISTRICT JUDGE**